OPINION
{¶ 1} Defendant-appellant James A. Schooler appeals from his conviction and sentence, following a no-contest plea, upon a charge of Illegal Manufacturing of Drugs. Schooler contends that the trial court erred by denying his motion to suppress statements he made to investigating police officers. Although recognizing that the requirements of Miranda v. Arizona (1966), 384 U.S. 436, were complied with, Schooler contends that he was under the influence of drugs when he made his statements, and the trial court should have found them to have been other than voluntary.
 {¶ 2} Based upon our review of the record, we conclude that the evidence supports the trial court's finding that Schooler's statements were voluntary. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 3} Two police officers were dispatched to a Day's Inn in Brookville, as a result of a 911 hang-up call. As the officers were attempting to ascertain from the front desk where the phone call might have originated, they were approached by Sheila Mustaine, distraught, who claimed to have been the victim of a sexual assault.
 {¶ 4} Mustaine asked the officers to go to her room to check for the man who allegedly assaulted her. Mustaine told them that there was a firearm and a large amount of cocaine in that room. The officers obtained a key to the room from the front desk, and waited for other officers to arrive before approaching the room. After knocking on the door of the room, and getting no answer, the officers entered the room, and found it in disarray. They saw drugs on the floor, as well as what appeared to be crack cocaine near an electric frying pan. No one was in the room.
 {¶ 5} Various police officers then began to canvass the area, giving the descriptions of the assailant that had been given to them by Mustaine. These descriptions were given to gas station attendants in the area.
 {¶ 6} Schooler, who matched the description, was apprehended at a Speedway gas station that was diagonally across the intersection from the Days Inn. During a pat-down for weapons, Schooler said, without having been asked a question, "I know what this is all about. This is about my old lady." There was evidence that Schooler and Mustaine were in a relationship.
 {¶ 7} Schooler was taken to the Brookville police department, where he was interviewed by Detective Donald Duncan. When Duncan first saw Schooler, Schooler was wet and cold, evidently as a result of having been out in heavy rain. Duncan got Schooler a blanket and some coffee. Schooler was shivering, and told Duncan that he was cold. Schooler was stuttering, evidently as a result of being cold, but his speech was not slurred, he had no balance problems, and he had no difficulty walking. After Schooler had a chance to drink some coffee, Duncan showed him a form with his rights under Miranda v. Arizona, supra, and they went over it together. Schooler, who said that he had had twelve years of schooling, said that he understood the form, and he signed it.
 {¶ 8} When Duncan asked Schooler if he would provide a written statement, Schooler said he was shaking too badly to do so.
 {¶ 9} Duncan testified that Schooler did not appear to him to be "high" during the interview, that Schooler appeared to understand everything Duncan was saying, and that the coffee seemed both to wake Schooler up, and to calm him.
 {¶ 10} Schooler was initially charged with one count of Manufacturing a Controlled Substance. He moved to suppress evidence. Following a hearing on that motion, the motion was overruled.
 {¶ 11} Thereafter, Schooler was re-indicted on one count of Illegal Manufacturing of a Controlled Substance, one count of Possession of Criminal Tools, two counts of Possession of Cocaine (in the amount of 100 grams, but less than 500 grams, of other than crack cocaine), and Possession of Cocaine (in the amount of one gram, but less than five grams, of crack cocaine), one count of Possession of Drugs included in Schedules II, IV and V, and one count of Having a Weapon While Under a Disability. Schooler pled no contest to one count of Illegal Manufacturing of a Controlled Substance, and the other counts were dismissed. Schooler was found guilty of the count to which he pled no contest, and was sentenced accordingly. From his conviction and sentence, Schooler appeals.
 II {¶ 12} Schooler's sole assignment of error is as follows:
 {¶ 13} "Appellant was deprived of his constitutional right to freedom from Self-Incrimination, and consequently, his statements should have been suppressed from use at trial."
 {¶ 14} Schooler recognizes that the requirements of Miranda v.Arizona (1966), 384 U.S. 436, were complied with by Detective Duncan, but contends that his statement given to Detective Duncan was nevertheless not voluntary. He contends that as a result of the influence of drugs that he had taken, he was unable to make a voluntary statement.
 {¶ 15} From our review of the transcript of Detective Duncan's testimony, we conclude that the trial court could have found, from Duncan's testimony, that Schooler was not under the influence of drugs, or at least not to the extent that he could not make a voluntary statement. Duncan testified that Schooler appeared to understand everything Duncan was telling him, that Schooler was having no difficulty walking, or with his balance, that other than stuttering, apparently as the result of being cold, Schooler was not having difficulty with his speech, and that the coffee Duncan gave Schooler appeared both to warm and to calm him.
 {¶ 16} Although it is true that Schooler told Duncan he was unable to give a written statement, Schooler attributed this to the fact that he was shaking too much to make a written statement.
 {¶ 17} We conclude that there is evidence in the record from which the trial court could find, as it evidently did, that Schooler's statement was voluntary.
 {¶ 18} We note that Schooler is also arguing that a statement given by Mustaine was not knowing and voluntary. Any alleged error in the trial court's having ruled with respect to the motion to suppress Mustaine's statement (she was charged along with Schooler), is outside the scope of Schooler's assignment of error. More importantly, Schooler does not have standing to raise violations of Mustaine's constitutional rights. It is only a violation of the constitutional privilege against self-incrimination that entitles a defendant to the suppression of evidence. If, in fact, Mustaine's statement was other than voluntary, this is a fact that Schooler could have brought out at trial in an effort to exclude Mustaine's statement from evidence against him, or in an argument addressed to the weight to be assigned to any statement that Mustaine may have made. However, Schooler has no standing to assert Mustaine's constitutional right to the suppression of her statement.
 {¶ 19} Schooler's sole assignment of error is overruled.
 III {¶ 20} Schooler's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
Wolff and Grady, JJ., concur.